UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ALEX E. WIERBICKI, )
)
    Plaintiff, )
) Case No. 1:06-CV-269
v. )
) Chief Judge Curtis L. Collier
)
ADVATECH, LLC, URS CORPORATION, )
and MITSUBISHI HEAVY INDUSTRIES )
AMERICA, INC., )
)
    Defendants. )

## **M E M O R A N D U M**

This case arises from an employment dispute between plaintiff Alex Wierbicki ("Plaintiff") and his former employer, whose identity is somewhat ambiguous based on wording in the complaint. Before the Court is defendant Mitsubishi Heavy Industries America, Inc.'s[1] ("MHIA") motion to dismiss and supporting memorandum (Doc. Nos. 7 & 8). This motion requests the Court to dismiss Plaintiff's retaliatory discharge claim against MHIA. Plaintiff filed a response in opposition (Doc. No. 12), and MHIA filed a reply (Doc. No. 15). On August 16, 2007, MHIA filed a memorandum or motion to dismiss (Doc. No. 16), which addresses Plaintiff's breach of contract claim against it. Plaintiff filed a response brief (Doc. No. 17) and MHIA filed a reply brief (Doc. No. 18).

For the following reasons, the Court will **GRANT** MHIA's two motions and will **DISMISS** all Plaintiff's claims against MHIA.

---

[1] In the memorandum supporting its first motion to dismiss, MHIA states it was incorrectly identified in Plaintiff's complaint as Mitsubishi Heavy Industries American, Ltd. (Doc. No. 8). In this Memorandum and the accompanying order, the Court will use "Inc." in the caption.

I.     **FACTS & PROCEDURAL HISTORY**

On October 31, 2006, Plaintiff filed a complaint in the Chancery Court for Hamilton County against defendants Advatech, LLC ("Advatech"), URS Corporation ("URS") and MHIA (collectively "Defendants"). Plaintiff alleged claims for retaliatory discharge in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304,[2] and for breach of contract, i.e. breach of his employment agreement. Plaintiff asserts these claims against all three Defendants (Doc. No. 1-2, "Compl.").[3] On December 21, 2006, Defendants removed the complaint to this Court under federal diversity jurisdiction (Doc. No. 1).

The complaint alleges that on February 9, 2004 Plaintiff was hired by Advatech as a "Project Procurement Manager (designated Subcontracts Lead)" for multiple projects, for a minimum eight-to ten-year term of employment (Compl. ¶ 6). Plaintiff's job was to prepare, review, evaluate bids, and award subcontracts to selected subcontractors on Tennessee Valley Authority ("TVA") projects (*id.* ¶ 7). TVA work amounted to a majority of Advatech's business. Beginning in June 2005, Plaintiff became aware that at least one subcontractor had received confidential information which permitted it to unfairly bid on a TVA project. Specifically, Plaintiff alleges that Gary Ferguson, Advatech's Vice President, gave confidential information to a company called Performance Contracting, Inc., (*id.* ¶ 8). Plaintiff labels this practice as "bid rigging." Plaintiff informed Advatech management, the URS Human Resources Department, and URS Divisional Counsel (the Corporate Ethics unit)

---

[2] Plaintiff passingly mentions that Defendants' conduct was "illegal under the False Claims Act ("FCA"), 31 U.S.C. § 3730." Nowhere else in the complaint or in any later filing does Plaintiff attempt to make out an FCA claim, which requires service on and action by the federal Government. It appears Plaintiff was only citing the FCA as a way to show *Defendants'* conduct was illegal as required by the TPPA, and this Court does not find Plaintiff asserts an FCA cause of action.

[3] Advatech is a joint venture between URS and MHIA (Doc. No. 1-2, ¶ 3).

2

of the "bid rigging" practices. In-house counsel asked Plaintiff to meet with attorneys from Baker, Donelson, Bearman, Caldwell & Berkowitz, PC in Chattanooga, Tennessee, which Plaintiff did on July 11, 2005 (*id*. ¶ 9). On July 15, 2005, Plaintiff was removed from all TVA jobs. On July 18, 2005, Plaintiff filed a formal complaint with "Defendant's Human Resources Department" (*id*. ¶ 11).[4] Plaintiff continued to work at Advatech until he had surgery; to recuperate, he used his vacation and severance pay and was paid through November 4, 2005, when he was apparently fired (*id*.) ("Plaintiff was forced to find another job and moved to another state"). Plaintiff alleges his work performance was good, and he was not discharged until he reported what he felt were illegal practices to management (*id*. ¶ 12) (alleging cover-up to keep TVA relationship).

In response to Plaintiff's complaint, MHIA filed a motion to dismiss (Doc. No. 7), stating it did not employ Plaintiff and has never employed Plaintiff; therefore, Plaintiff failed to state a claim against MHIA upon which relief could be granted (Doc. No. 8, p. 1).[5] MHIA argues that its only connection to this suit is its involvement in Advatech. MHIA also notes Plaintiff failed to plead it was his employer (*id*. at 3). In fact, Plaintiff specifically avers an employment relationship with only one defendant, Advatech, does not claim to have reported wrong-doing to MHIA, and does not allege MHIA discharged him from his position (*id*. at 2). Plaintiff's complaint is somewhat ambiguous as it often generically refers to "Defendants" without defining that term; however, the specific factual averments in the complaint involve Advatech and URS. For example, Plaintiff avers Advatech was his employer (*id*.) (citing Compl. ¶ 6), Advatech engaged in wrongdoing (*id*.) (citing

---

[4] It is unclear to which defendant Plaintiff is referring.

[5] Also pending before the Court is Advatech and URS's motion to stay or in the alternative, motion to dismiss (Doc. No. 9) as well as Plaintiff's motion to stay pending arbitration (Doc. No. 11). The Court will address these motions in a separate order.

Compl. ¶ 8), Plaintiff complained about illegal practices to Advatech and URS (*id.*) (citing Compl. ¶¶ 9, 11), and Advatech allegedly discharged Plaintiff to cover up its activities (*id.*) (citing Compl. ¶¶ 11-12).

Construed in the light most favorable to Plaintiff, the complaint alleges a cause of action for breach of contract against MHIA (Compl. ¶ 12) ("Defendants breached their employment agreement with Plaintiff by discharging him early."). In a telephone status conference held July 30, 2007, the Court notified MHIA that its first motion to dismiss did not address this breach of contract claim. MHIA filed a second memorandum of law in support of its motion to dismiss on August 6, 2007 (Doc. No. 16).[6] Plaintiff responded in opposition (Doc. No. 17), and MHIA replied (Doc. No. 18).

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient,

---

[6] MHIA filed only a memorandum of law. The Court will construe this memorandum as either containing within it a motion to dismiss the breach of contract claim, or as amending MHIA's first motion to dismiss (Doc. No. 7) to address the two causes of action against MHIA (*see id.* at 1).

4

and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

## III. DISCUSSION

### A. THE PARTIES' ARGUMENTS

MHIA's first motion to dismiss argues that Plaintiff's sole claim against it fails to state a claim for relief because it is a parent corporation which cannot be considered Plaintiff's employer, and thus could not be liable under the TPAA for retaliatory discharge (Doc. No. 8, p. 1). MHIA's second memorandum/motion to dismiss reiterates it was never Plaintiff's employer and never entered into any contractual relationship with him which it could breach (Doc. No. 16, p. 1). MHIA stresses it was simply a member in a limited liability company, and this relationship is "legally inadequate" to impute another entity's liability to MHIA (*id*. at 2).[7]

In response, Plaintiff claims Defendants admit Advatech was a "joint venture" between URS and MHIA with URS as managing member (Doc. No. 12, p. 1). However, Plaintiff cites a brief filed by Advatech and URS (Doc. No. 10, p. 1) and not the defendant relevant in this analysis, MHIA. Plaintiff asserts MHIA should be held vicariously liable for the actions of the other members of its "joint venture" (Doc. No. 12, p. 1). To support this point Plaintiff relies on two Tennessee cases, but the facts of these cases are distinguishable.[8] Plaintiff also relies on *Prosser & Keeton on the Law*

---

[7] MHIA points out there is only one contract referenced in the complaint, the letter from URS to Plaintiff stating he would be employed for "eight to ten years" (Doc. No. 16, p. 2-3).

[8] Plaintiff relies on *Fain v. O'Connell*, 909 S.W.2d 790 (Tenn. 1995), which involved a suit by a parishioner against a diocese for a slip-and-fall in a church parking lot; the court rejected a rule

5

*of Torts* (5th ed. 1984), which analogizes joint ventures to partnerships (*id*. at 1-2). However, at no point does Plaintiff address the employer-employee issue raised by MHIA in its motion to dismiss.

MHIA's reply to Plaintiff's response points to the inapplicability of Plaintiff's cited cases as well as Plaintiff's failure to address the employer-employee status issue (Doc. No. 15, p. 3). MHIA argues that it and URS are only legally related by their joint formation of Advatech, a limited liability company ("LLC") (*id*. at 2). While URS may act in some employment capacity to Advatech, MHIA does not (*id*. at 1-2). MHIA avers it cannot be found liable because the existence of an employment relationship is a required element for a TPPA claim; MHIA also refutes Plaintiff's contention it and URS could be considered "general partners" and therefore vicariously liable for each other's actions. MHIA emphasizes, by forming an LLC, it is shielded from the type of liability Plaintiff is attempted to impute to it. MHIA argues this point even more strongly in its second memorandum/motion to dismiss, in which it points out:

> Advatech, LLC is a Delaware limited liability company, governed by the Delaware Limited Liability Company Act. Under the Act, "the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company." Del. Code Ann. tit. 6, § 18-303(a). As a member in an LLC, MHIA is not legally respon-sible for the liabilities of Advatech, LLC. This Court has recognized previously that Delaware law prevents a plaintiff from pursuing a breach of contract claim against a member of an LLC when the contract is between the LLC and the plaintiff, absent exceptional circumstances that have not been alleged in this case. *Swift Freedom Aviation, LLC v. R.H. Aero*, 2005 WL 2246256,

---

that barred suit against an unincorporated association by a member of the association. *Id*. at 791-94. *Fain* cites both *Prosser* and *Cole v. Woods*, 548 S.W.2d 640 (Tenn. 1977), which Plaintiff also cites. *Cole* involved a question of contributory negligence in an automobile crash; the court held, "the negligence of those engaged in a joint enterprise or joint venture may be imputed to the other members," but the ruling was confined to factually similar cases. *Id*. at 650-51.

*7 (E.D. Tenn. Sept. 13, 2005).

(Doc. No. 16, p. 3-4). In response to this motion, Plaintiff submits evidence of an employment contract with "the defendants," without precisely identifying *which* defendant or addressing MHIA's contention regarding limited liability (Doc. No. 17, p. 1-3). MHIA emphasizes this "inexplicable avoidance" in its reply brief,[9] and also points out the job offer letter, written to Plaintiff on behalf of URS, specifically describes the employment relationship as "at will" (Doc. No. 18, p. 1) (citing Doc. No. 10[-2]).

### B. LIABILITY FOR RETALIATORY DISCHARGE UNDER THE TPPA

The first issue is whether MHIA can be held liable as Plaintiff's employer under the TPPA. Tenn. Code Ann. § 50-1-304(a), provides: "No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." This Court has recognized the following four essential elements to make out a TPPA claim:

(1) the plaintiff must be the defendant's employee;

(2) the plaintiff must refuse to participate in or to remain silent about illegal activities;

(3) the defendant-employer must discharge the plaintiff-employee; and

---

[9] Doc. No. 16, p. 2 (docket citations omitted):

Plaintiff alleges no privity of contract with MHIA. Plaintiff does not allege that he had an employment contract with MHIA. In the Complaint, he alleges that he was employed by Advatech, and in his Response, he alleges an oral contract based on his conversations with Marvin Fisher and other agents or employees of URS or Advatech. This wholly undercuts his breach of contract claim against MHIA. It is well established under Tennessee law that "[p]rivity of contract is an essential element to an action founded on a breach of contract . . . ." *Tipton v. Sparta Water Co.*, 57 S.W.2d 793, 795 (Tenn. 1933). All of Plaintiff's allegations about the formation of an employment contract, whether written or oral, involve URS and Advatech, not MHIA. Plaintiff fails to establish or even allege privity of contract with MHIA.

> (4) an "exclusive causal relationship" must exist between the plaintiff's refusal to participate in or remain silent about illegal activities and the defendant's termination of the plaintiff-employee.

*Griggs v. Coca-Cola Employees' Credit Union*, 909 F. Supp. 1066, 1069 (E.D. Tenn. 1995).

Here, MHIA specifically challenges the first element, and Plaintiff has provided no evidence to support this Court finding an employment relationship between him and MHIA. The offer letter (Doc. No. 10-2) is clearly between URS and Plaintiff; MHIA avers the employment discussions to which Plaintiff refers were all with URS or Advatech employees and Plaintiff has not refuted this contention. The one way Plaintiff could demonstrate MHIA's liability would be to prove it was responsible or vicariously liable for Advatech or URS' conduct; as MHIA points out, Plaintiff has failed to provide credible evidence that "Advatech, LLC" is *not* a limited liability company offering liability protection to its members but is instead a "joint venture" or partnership. Under Delaware law, as MHIA cites, the members of LLCs are not responsible for the debts and obligations of the LLC itself. Del. Code Ann. tit. 6, § 18-303(a). The same is true in Tennessee. *See* Tenn. Code Ann. § 48-217-101(1) ("a member, holder of financial interest, governor, manager, employee or other agent of an LLC does not have any personal obligation and is not otherwise personally liable for the acts, debts, liabilities, or obligations of the LLC whether such arise in contract, tort or otherwise."); *see also Causey v. Lachmandes*, No. 3:04-0797, 2005 WL 2000625 at *5 (M.D. Tenn. Aug. 18, 2005) (construing § 48-217-101, noting "one exception exists where the member, holder, or agent is personally liable 'by reason of such person's own acts or conduct,'" and finding the members of an LLC were not liable for the shooting of a guest at a hotel the LLC owned).

Accordingly, this Court finds no employment relationship existed and will **GRANT** MHIA's first motion to dismiss (Doc. No. 7) as to this claim.

### C. BREACH OF CONTRACT

In the same vein, in order to be liable for breach of an employment contract, MHIA would have to have been Plaintiff's employer. As this Court has already found, Plaintiff failed to allege an employment relationship with MHIA. MHIA is explicitly mentioned in the complaint only twice. First, Plaintiff alleges Advatech is a "joint venture between Mitsubishi Heavy Industries, Ltd. and URS Corporation" (Compl., ¶ 3). Second, Plaintiff alleges "Mitsubishi Heavy Industries America, Ltd. is a corporation operating under the laws of the State of Tennessee and actively engaged in business in the State of Tennessee" (*id.* ¶ 4). Even after MHIA has again and again argued that Plaintiff is not an MHIA employee, Plaintiff has again and again failed to make such assertion. In his response to MHIA's first motion to dismiss, Plaintiff simply argues MHIA is vicarously liable for the acts of URS and Advatech. In response to MHIA's second memorandum/ motion to dismiss, Plaintiff offers evidence of an oral employment contract, but does not specifically name MHIA as his employer. The holes in Plaintiff's arguments further illustrate that MHIA's only link to this case is in its status as a member company of Advatech.

Accordingly, even viewed in the light most favorable to Plaintiff, Plaintiff has failed to show any specific "employment contract" with MHIA, and the Court must **DISMISS** Plaintiff's breach of contract claim against MHIA.

### IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** both MHIA's motion to dismiss the TPPA claim (Doc. No. 7) and MHIA's putative second motion to dismiss the breach of contract claim (Doc. No. 16). In sum, all Plaintiff's claims against defendant Mitsubishi Heavy Industries America,

Inc. will be **DISMISSED WITH PREJUDICE**.

An Order will enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**